IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LUIS MIGUEL VERDECIA          §
SAMANIEGO,                    §
    Petitioner,              §
                             §
                             §          EP-26-CV-00769-DB
v.                           §
                             §
                             §
ACTING DIRECTOR, *El Paso Processing*    §
*Center, et al.*,            §
    Respondents.             §

**ORDER**

On this day, the Court considered the above-captioned case. On March 18, 2026, Petitioner Luis Miguel Verdecia Samaniego filed *pro se* a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1. Petitioner is currently detained at the El Paso Processing Center detention facility in El Paso, Texas in the Western District of Texas. *Id.* Construed liberally, he argues his detention is unlawful and asks the Court to his release. *Id.* at 7. On March 31, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 5 at 3.

Petitioner is a Cuban national who entered the United States in 2022. ECF No. 1 at 60. Petitioner was detained by immigration authorities and subsequently released on an order of recognizance. *Id.* Petitioner applied for asylum and adjustment of status under the Cuban Adjustment Act. *Id.* at 61. On June 17, 2025, Petitioner was detained by immigration authorities after an immigration judge dismissed his pending case. *Id.* While in custody, he was issued a new notice to appear, and Respondents sought removal against him. *Id.* During his current detention, an immigration judge granted his application for adjustment of status under the Cuban Adjustment

Act, and DHS has appealed that order, which is currently pending before the Board of Immigration Appeals. *Id.* at 62. Consequently, Petitioner does not have a final order of removal. In response, Respondents assert Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is therefore not entitled to an individualized hearing under statute or under the Constitution to justify his detention during the pendency of his removal proceedings. ECF No. 7 at 1, 12. There are no facts in this record to suggest Petitioner has already received an individualized determination as to his dangerousness or flight risk to date.

Petitioner's case is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention). In their response, ECF No. 7, filed on April 3, 2026, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 7 *with Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner is treated as though stopped at the border and entitled to only those rights afforded by statute); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4,

2026) (rejecting argument that petitioner's procedural due process claim is foreclosed by the Supreme Court decision *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003)). The Court understands it is Respondents' right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor distinguish the facts of this case. Accordingly, the same result is warranted in this case as in this Court's similar previous cases.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b),[1] **IT IS HEREBY ORDERED** Petitioner Luis Miguel Verdecia Samaniego's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued

---

[1] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than April 9, 2026.**[2]

IT IS FURTHER ORDERED Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the preceding line order, or (2) informing the Court of Petitioner's release **no later than April 13, 2026.**

IT IS FURTHER ORDERED that in the event Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

IT IS FURTHER ORDERED that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than April 15, 2026.**

IT IS FINALLY ORDERED the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to *pro se* Petitioner Luis Miguel Verdecia Samaniego at El Paso Service Processing Center, 8915 Montana Ave, El Paso, TX 79925, or the address for that facility on file.

SIGNED this **6th** day of **April 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. Nor does a hearing in which the Government is not held to its burden as outlined herein. In such event, release from custody is *required*.